## Lam, et al. v. White.

(Decided June 22, 1926.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Corporations.—Where stock and effects of corporation had been sold to a second corporation, judgment against first corporation was not error, because purchasing corporation had gone into bankruptcy subsequent to sale.

2. Corporations.—In suit by minority stockholder against corporation and majority stockholder to recover share of profits on coal sold, evidence that coal was sold at a profit, and that majority stockholder had retained proceeds of sale, held to justify judgment for plaintiff's share thereof.

3. Corporations—Allegation that Majority Stockholder in Collecting Assets of Corporation Became Liable to Plaintiff as Creditor of Corporation to Account Therefor Held to Support Judgment Against Corporation and Majority Stockholder.—In suit by minority stockholder to recover salary from majority stockholder and corporation, allegation that majority stockholder, as liquidating agent of corporation, agreed to collect its assets and make distribution to its creditors, and, when he collected its assets, he became liable to plaintiff as creditor to account therefor, held to support judgment against both corporation and majority stockholder.

4. Corporations.—Evidence held to sustain judgment for officer of corporation for unpaid salary at rate of $250.00 per month.

5. Corporations—Fact that Majority Stockholder Purchasing Minority Stockholder's Stock Took Notes Payable to Himself which were Unpaid Held Not to Defeat Plaintiff's Right to Recover Agreed Percentage of Sale Price of Stock.—Where majority stockholder purchased minority stockholder's stock, and agreed to pay therefor two twenty-fifths of sale price of $15,000.00, fact that he took notes in part payment thereof, payable to himself, which he

was unable to collect, held not to defeat plaintiff's right to recover price agreed.

CHARLES CARROLL for appellants.

BURTON VANCE and SHACKELFORD MILLER for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Lam, and appellee, White, jointly purchased the stock and assets of the Whitley Jellico Coal Company at Williamsburg, in June, 1918, for $25,000.00, of which $2,000.00 was paid by White and $23,000.00 by Lam. They organized the Garfield Jellico Coal Company, which took over the property and assets of the Whitley Jellico Coal Company. Lam was elected president and White made secretary and treasurer of the new company, which was capitalized at $40,000.00, divided into 400 shares of $100.00 each, 250 shares only being issued, of which 230 were delivered to Lam and 20 to White. This action was commenced in the Jefferson circuit court in December, 1919, by White against Lam and the Garfield Jellico Coal Company to recover on three items: (a) the sale price of the stock of the Garfield Coal Company; (b) appellee's share, two-twenty-fifths (2/25ths), of the profits of the sale of coal to the L. & N. Railroad Company; and (c) appellee White's salary of $250.00 per month for several months next before he left the company in September, 1919. Judgment was entered in favor of White against the Coal Company and Lam for $1,740.28, balance due upon White's salary, and for $140.94 for 2/25ths of the profits made by the company on the sale of coal to the L. & N. Railway Company, and the further sum of $1,200.00 for 2/25ths of the stock of Garfield Jellico Coal Company owned by White, and which he sold to Lam on the basis of $15,000.00 for 250 shares, and which Lam later sold to the Kresge Coal and Mining Company, and this appeal is prosecuted by Lam and the Garfield Jellico Coal Company to reverse the judgment.

It is insisted by appellants that the judgment against the Garfield Jellico Coal Company is erroneous and should be reversed because that company, as a part of the Kresge Coal and Mining Company, is in the hands of a receiver in bankruptcy, but this insistence is not well

grounded. It is admitted that appellant, Lam, sold the stock and effects of the Garfield Jellico Coal Company to the Kresge Coal & Mining Company for $15,000.00, receiving part in cash and taking the balance in notes payable to himself. Before that time he had entered into an arrangement with appellee, White, by which he purchased of White his 20 shares in the Garfield Jellico Coal Company, agreeing to pay on the basis of $15,000.00 for 250 shares. No part of that had been paid. However, after the sale of the Garfield Company to the Kresge Company and the Kresge Company had taken over the property and assets of the Garfield Company, the Kresge Company went into bankruptcy. While the property and assets formerly owned by the Garfield Company had passed to the Kresge Company the Garfield Company never passed into bankruptcy, and there is no reason shown why the judgment against Garfield Company should be disturbed because the Kresge Company had all its assets and had later gone into bankruptcy. This contention is not, therefore, well taken.

The second insistence of appellants is, that the judgment is erroneous in awarding appellee, White, $140.00 as profits upon 12,000 tons of coal sold by the Garfield Company to the L. & N. Railroad Company. It is conceded by all the parties to this action that the Garfield Company sold and delivered more than 12,000 tons of coal to the railroad company at $2.24 per ton, and appellee, White, insists that Lam collected from the railroad company more than $25,000.00 on the coal but has failed and refused to pay it over. The evidence shows that they made a profit on the coal thus sold to the railroad and that no part of it was paid to appellee, White. After allowing appellant, Lam, various credits against the sums found to be in his hands, from money received from the railroad company, the lower court ascertained that there was yet in his hands and due appellee, White, $140.94, and rendered his judgment for that amount. The evidence seems to support the judgment and we find no reason for disturbing it.

Another insistence of appellant is, that the judgment in favor of White for salary against Lam should be reversed because not supported by the pleadings, and, against the Garfield Jellico Coal Company it should be reversed because flagrantly against the weight of the evi-

dence.  Appellant, Lam, insists that he owed White no
salary; that if White was entitled to recover salary it
was against the Garfield Company, alone; and Lam
argues that White is not entitled in this action to judg-
ment against him for salary and expense account because
in the first paragraph of his petition in which this claim
is asserted White prayed judgment only against the Gar-
field Jellico Coal Company.  White bases his claim for
judgment for balance of salary against Lam upon the
allegation in his pleading that as liquidating agent of
that company Lam undertook to collect all the assets of
that company and make distribution to its creditors and
stockholders.  In the petition it was alleged that Lam
sold all the stock and assets of the Garfield Company to
the Kresge Company, which was virtually a dissolution
of the Garfield Company, and that when Lam undertook
and did collect its assets as liquidating agent he became
obligated to White as creditor and stockholder of that
company to account to him for these assets, and the sole
purpose of the action and the prayer of the petition is to
compel Lam to account.  This theory of the case finds
support in the evidence, and the chancellor did not err
in adjudging salary against both Lam and the Garfield
Company, of which he was liquidating agent.  Neither
is the judgment for salary in favor of White against
the company flagrantly against the weight of the evi-
dence.  White and one or more persons testified that he
was first employed by the Garfield Company at a salary
of $125.00 per month, but later at a salary of $250.00 per
month, and that he served the company as secretary and
treasurer and sales agent for a number of months for a
part of which he was paid and the balance is yet due him.
The books of the company show that he was to receive
a salary of $250.00 per month; that the salary for some
of the months was paid, but when the company was hard
up for cash White was given credit on the books for
$250.00 per month salary.  It would seem that the evi-
dence supports the judgment of the court and that White
was entitled to the salary of $250.00 per month for the
time he was with the company subject to credit by such
sums as was paid him on salary.

Appellants' last contention is that White was ad-
judged a larger share of the proceeds of the sale of the
stock of the Garfield Company to the Kresge Company
than he was entitled to.  That claim is based upon appel-

lant Lam's theory that while the stock of the Garfield Company was sold for $15,000.00 he was unable to collect the whole price, but collected only about $8,000.00, and inasmuch as the sale of the stock and assets of the Garfield Company included the stock of appellee, White, the latter should share in the results of the sale price according to the amount collected and not according to the sale price at which the stock was sold. In other words, it is admitted by Lam that of the $15,000.00 which was to be received for the stock of the company appellee, White, was entitled to receive two-twenty-fifths (2/25ths) for his twenty shares. The lower court took the view and the evidence seems to warrant it that Lam purchased the stock of White, agreeing to pay him in cash therefor two-twenty-fifths (2/25ths) of $15,000.00, but after taking the stock of White he negotiated with the Kresge Company, accepting $1,000.00 in cash and notes of the Kresge Company made payable to Lam for the balance. This is admitted by Lam. As the notes were payable to Lam alone it would seem that he assumed responsibility for the payment of the amount due White, and White had the right to look to Lam for the full two-twenty-fifths (2/25ths) of the sale price $15,000.00, for White did not consent to the sale of the stock to the Kresge Company upon a partial cash payment, and the balance in notes payable to Lam. When Lam assumed to sell the stock of White to the Kresge Company on a credit basis without the consent of White he became responsible to White for his part of the purchase price for he had represented to White, so White testified, that the price would be paid in cash and the certificates of stock were delivered to Lam with that understanding. Lam parted with the stock to the Kresge Company without receiving the cash but instead taking notes payable to himself, thus at once becoming liable to White for his share of the $15,000.00. The lower court so held and there was no error in this.

No error to the prejudice of the substantial rights of appellants has been called to our attention.

Judgment affirmed.